**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1438**

DAVID M. RUTTENBERG; JUDITH G. RUTTENBERG; TRIPLE D
ENTERPRISES, INC.,

    Plaintiffs - Appellants,

   v.

FRANK JONES, Mayor of Manassas Park, Virginia, in his
official and individual capacities; JOHN EVANS, Chief of
Police of Manassas Park, Virginia, in his official and
individual capacities; DETECTIVE L, Manassas Park Police
Detective, in his official and individual capacities; CITY
OF MANASSAS PARK, VIRGINIA; DETECTIVE W, Prince William
County Police Detective, in his official and individual
capacities,

    Defendants – Appellees,

  and

THOMAS L. KIFER, in his official and individual capacities,

    Defendant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. T. S. Ellis, III, Senior
District Judge. (1:06-cv-00639-TSE-JFA)

Argued: March 23, 2010    Decided: April 21, 2010

Before TRAXLER, Chief Judge, WILKINSON, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Neil Harris Ruttenberg, Beltsville, Maryland, for Appellants. John David Wilburn, MCGUIREWOODS, LLP, McLean, Virginia, for Appellees. **ON BRIEF:** Anand V. Ramana, MCGUIREWOODS, LLP, McLean, Virginia, for Appellees Frank Jones, John Evans, Detective L, and City of Manassas Park, Virginia. M. Alice Rowan, OFFICE OF THE COUNTY ATTORNEY FOR THE COUNTY OF PRINCE WILLIAM, Prince William, Virginia, for Appellee Detective W.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David M. Ruttenberg, Judith G. Ruttenberg, and Triple D Enterprises, Inc. (collectively, "Appellants") appeal the grant of summary judgment against them in their § 1983 suit challenging the warrantless administrative search of a Manassas Park, Virginia pool hall that they formerly owned. See 42 U.S.C. § 1983. As is relevant here, Appellants' suit alleges multiple federal and state-law claims against the City of Manassas Park ("the City"), its chief of police, two police detectives, and the mayor of Manassas Park. The district court dismissed all of the federal claims with prejudice and dismissed the state claims without prejudice. See Ruttenberg v. Jones, 464 F. Supp. 2d 536, 551 (E.D. Va. 2006). On appeal, we affirmed the dismissal of all but one of the federal claims and remanded for further proceedings. See Ruttenberg v. Jones, 283 Fed. Appx. 121, 124 (4th Cir. 2008) (per curiam). The remaining federal claim was that the search, which was conducted in conjunction with a multi-jurisdictional drug task force's attempts to arrest several individuals suspected of engaging in drug transactions at the pool hall, was unreasonably threatening in light of its size, scope, duration and manner.

On remand, the district court granted summary judgment against Appellants on that claim, determining that Appellants failed to create a genuine issue of material fact regarding

3

whether the search was constitutionally reasonable. See Ruttenberg v. Jones, 603 F. Supp. 2d 844, 864-70 (E.D. Va. 2009). The district court alternatively concluded that even assuming that the operation was constitutionally unreasonable, Appellants had not forecasted evidence sufficient to hold the City liable or the chief of police and one of the police detectives individually liable for the constitutional violation. See id. at 870-73. To the extent that the police chief and the officers were sued in their official capacities, the district court dismissed the claim as duplicative of the claim against the City. See id. at 872. Having disposed of Appellants' lone remaining federal claim, the district court again dismissed Appellants' state-law claims without prejudice. See id. at 873-74.

Appellants now argue on appeal that the district court erred in granting summary judgment against them regarding their claim that the search of the pool hall was constitutionally unreasonable. Having considered the parties' briefs, the joint appendix, and the oral arguments of counsel, we find no error and affirm on the reasoning of the district court.

AFFIRMED